**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


**IN RE:  POLYURETHANE FOAM ANTITRUST LITIGATION**          MDL No. 2196


**TRANSFER ORDER**


    **Before the Panel**[*]:  Plaintiff in a Western District of North Carolina action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the actions listed on Schedule A in the Western District of North Carolina.  The plaintiff's motion encompasses six actions in the Western District of North Carolina and two actions in the Northern District of Ohio.[1]

    All parties support centralization under Section 1407 but disagree upon the appropriate choice for transferee district.  Plaintiffs in the five remaining Western District of North Carolina actions encompassed by the motion as well as thirteen potential tag-along actions in that district support centralization in the Western District of North Carolina.

    Eight of the eleven named defendants – Carpenter Co.; Domfoam International, Inc.; Flexible Foam Products, Inc.; Foamex Innovations, Inc.; Future Foam, Inc.; Hickory Springs Manufacturing Co.; Valle Foam Industries, Inc.; and Woodbridge Sales & Engineering, Inc. – suggest centralization in the Northern District of Ohio.[2]  Plaintiffs in the two Northern District of Ohio actions encompassed by the motion as well as four potential tag-along actions support centralization in the Northern District of Ohio.

    Plaintiffs in both potential tag-along actions in the Central District of California propose centralization in that district.

    On the basis of the papers filed and the hearing session held, we find that these eight actions involve common questions of fact, and that centralization under Section 1407 in the Northern District

---

[*]  Judge Kathryn H. Vratil took no part in the decision of this matter.

[1]  The parties have notified the Panel of eighteen related actions in the Western District of North Carolina, six related actions in the Northern District of Ohio, two related actions in the Central District of California and one related action in the Northern District of California.  These actions will be treated as potential tag-along actions in accordance with Panel Rules 7.1 and 7.2.

[2]  Defendants Scottdel, Inc., Vitafoam, Inc., and Vitafoam Products Canada, Ltd., did not respond to the motion.

- 2 -

of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in all actions allege that the eleven defendants and their co-conspirators engaged in a conspiracy to fix, raise, maintain and/or stabilize the prices charged for polyurethane foam sold in the United States in violation of antitrust laws. Plaintiffs in the putative class actions before the Panel bring their actions on behalf of overlapping, if not identical, nationwide classes of direct purchasers of polyurethane foam. Plaintiff in one potential tag-along action seeks to represent various statewide classes of indirect purchasers of polyurethane foam. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Any of the suggested districts would be an appropriate transferee forum for this nationwide litigation. Both the Western District of North Carolina and the Northern District of Ohio have a nexus to the litigation through the location of the headquarters of one or more defendants, and the presiding judges in both districts have caseloads favorable to accepting assignment of the litigation. Multiple actions are pending in each of these two districts as well. The concentration of defendants in the eastern United States and Canada also somewhat favors selection of these districts over the Central District of California, the other suggested district.

Weighing all factors, we have selected the Northern District of Ohio as the transferee district for this litigation. All responding defendants, including the defendant located in North Carolina, support centralization in the Northern District of Ohio, as do the responding plaintiffs in actions in that district. The presence of the grand jury proceedings and government investigation in the Northern District of Ohio, albeit in a different division than the civil actions are pending, may also provide efficiencies in the pretrial proceedings of the private lawsuits.

Plaintiff in the Central District of California action expressed concerns about the appointment of interim lead and liaison counsel in the Northern District of Ohio, but the order making the appointment included qualifying language regarding its temporary nature and its lack of effect should the Panel centralize MDL No. 2196 in the Northern District of Ohio. Any remaining issues this plaintiff, or any other party has, can be brought to the attention of the transferee judge, who we are confident will oversee the pretrial proceedings in this litigation in a just and efficient manner.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Jack Zouhary for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

David R. Hansen            W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.      Barbara S. Jones
Paul J. Barbadoro

I hereby certify that this instrument is a true and
correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By:  s/Renee Schumitsh
Deputy Clerk

**IN RE:  POLYURETHANE FOAM ANTITRUST LITIGATION**            MDL No. 2196

## SCHEDULE A

### Western District of North Carolina

Piazza's Carpet & Tile Shop, Inc. v. Hickory Springs Manufacturing Co., et al.,
    W.D. North Carolina, C.A. No. 5:10-111
Jamestown Mattress Co., Inc. v. Hickory Springs Manufacturing Co., et al.,
    W.D. North Carolina, C.A. No. 5:10-113
Thompson Trading Co. v. Hickory Springs Manufacturing Co., et al.,
    W.D. North Carolina, C.A. No. 5:10-114
Shore-Line Carpet Supplies, Inc. v. Hickory Springs Manufacturing Co., et al.,
    W.D. North Carolina, C.A. No. 5:10-115
V&M, Inc., etc. v. Hickory Springs Manufacturing Co., et al.,
    W.D. North Carolina, C.A. No. 5:10-116
Martin Greenbaum Co., Inc. v. Hickory Springs Manufacturing Co., et al.,
    W.D. North Carolina, C.A. No. 5:10-118

### Northern District of Ohio

Cambridge of California, Inc. v. Hickory Springs Manufacturing Co., et al., N.D. Ohio,
    C.A. No. 3:10-1858
Atlantic Feather & Foam, Inc. v. Scottdel, Inc., et al., N.D. Ohio, C.A. No. 3:10-1867